**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHEX SYSTEMS, INC.,**
**a Minnesota corporation,**

     **Plaintiff,**

**v.**                                **Case No. 8:10-cv-02465-VMC-MAP**

**DP BUREAU, LLC, a Florida limited liability**
**company and CL VERIFY, LLC, a Florida**
**limited liability company,**

     **Defendants.**

_____/

**ANSWER AND AFFIRMATIVE DEFENSES,**
**COUNTERCLAIM AND THIRD PARTY COMPLAINT**

     Defendants DP BUREAU, LLC and CL VERIFY, LLC, by way of Answer, Affirmative

Defenses, Counterclaim and Third party Complaint, say:

1.     The Defendants are without knowledge or information to form a belief as to the truth of

this allegation.

2.     Admitted.

3.     Admitted.

4.     Denied.

5.     Denied.

6.     The Defendants are without knowledge or information to form a belief as to the truth of

this allegation.

7.     Admitted.

8.     Denied.

9.      Admitted as to the execution of the document.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied as this allegation sets forth a legal conclusion.

## COUNT I

17.     Denied.

18.     The defendants repeat their answers to the prior allegations as if set forth herein at length.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

WHEREFORE, Defendants DP BUREAU, LLC and CL VERIFY, LLC seek an order of the Court dismissing the Complaint, for attorneys' fees and costs, and for such other relief as the Court deems equitable, appropriate and just.

## COUNT II

23.     Denied.

24.     The defendants repeat their answers to the prior allegations as if set forth herein at length.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

WHEREFORE, Defendants DP BUREAU, LLC and CL VERIFY, LLC seek an order of the Court dismissing the Complaint, for attorneys' fees and costs, and for such other relief as the Court deems equitable, appropriate and just.

## COUNT III

30.     Denied.

31.     The defendants repeat their answers to the prior allegations as if set forth herein at length.

32.     Denied.

33.     Denied.

34.     Denied. The amount in dispute has been placed on deposit with the attorney for the Defendants.

35.     Denied. The amount in dispute has been placed on deposit with the attorney for the Defendants.

36.     Denied. The amount in dispute has been placed on deposit with the attorney for the Defendants.

37.     Denied.

38.     Denied. The amount in dispute has been placed on deposit with the attorney for the Defendants.

WHEREFORE, Defendants DP BUREAU, LLC and CL VERIFY, LLC seek an order of the Court dismissing the Complaint, for attorneys' fees and costs, and for such other relief as the Court deems equitable, appropriate and just.

## AFFIRMATIVE DEFENSES

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred by applicable statutes of limitations.

3.      Plaintiff's claims are barred by the applicable Statute of Frauds.

4.      Plaintiff's claims are barred by the doctrines of waiver and estoppel.

5.      Plaintiff's claims are barred by the doctrine of laches.

6.      Plaintiff's claims are barred under the doctrine of duress.

7.      Plaintiff's claims are barred by the doctrine of accord and satisfaction.

8.      Plaintiff's claims are barred for insufficient process.

9.      Plaintiff's claims are barred for insufficient service of process.

10.     This Court lacks subject matter jurisdiction.

11.     This Court lacks personal jurisdiction.

12.     This Court is the improper venue.

13.     The Plaintiff's claims are barred by the doctrine of set-off.

## COUNTERCLAIM

Defendant CL VERIFY, LLC by way of Counterclaim against Plaintiff CHEX SYSTEMS, INC., says:

1.      Defendant CL VERIFY, LLC ("CLV") is a Florida limited liability company.

2.      Defendant DP BUREAU, LLC ("DP") is a Florida limited liability company.

3.      Plaintiff CHEX SYSTEMS, INC. ("Chex") asserts that it is a Minnesota corporation.

4.      In 2003, DP and Chex entered into an agreement (the "Written Agreement") whereby Chex would sell consumer-specific information and service offerings consisting of closure and inquiry files related to consumer transaction accounts with financial institutions, records of

returned checks reported by retail merchants, and consumer identity data (hereafter referred to as "Information") to DP for resale to end users.

5.      DP never purchased Information from Chex pursuant to the Written Agreement.

6.      DP never sold any Information to end user customers.

7.      Chex never submitted an invoice to DP pursuant to the Written Agreement.

8.      In 2004, DP and another entity became members of CLV at its formation.

9.      Upon the formation of CLV in 2004, DP requested permission from Chex to assign the Written Agreement to CLV.

10.     Chex refused to provide permission to DP to assign the Written Agreement to CLV.

11.     Instead, in 2004, CLV and Chex entered into an unwritten agreement (the "Unwritten Agreement") whereby Chex would sell Information to CLV for CLV's resale to its customers, who are referred to as "end users."

12.      Despite the assertion of Chex in its Complaint, CLV never executed a 2009 document that resulted in CLV becoming a party to the Written Agreement.

13.     Instead, that document was signed by DP only.

14.     The signatory of the document was the CEO of DP who was authorized to sign on behalf of DP.

15.     In the language of the 2009 document, it specifically states that, "The individuals executing this Amendment on behalf of the parties represent and warrant that they are duly authorized to execute this Amendment on behalf of their respective principals."

16.     In July of 2009, CLV formed CL Verify Credit Solutions, LLC ("Solutions"), a Florida limited liability company as its wholly owned subsidiary.

17.     After Solutions was formed, DP requested permission from Chex to assign the Written Agreement to Solutions.

18.     Chex refused to provide permission to DP to assign the Written Agreement to Solutions.

19.     Instead, in 2009, Solutions and Chex entered into an unwritten agreement (the "Second Unwritten Agreement") whereby Chex would sell Information to Solutions for Solutions' resale to its end users.

20.     On August 31, 2010, CLV and Solutions merged (the "Merger") with MicroBilt Corporation, ("MicroBilt") a Delaware corporation.

21.     CLV and Solutions provided prior notice of the Merger to Chex.

22.     At the time of the Merger, CLV and Solutions signed a sales agent agreement with MicroBilt.

23.     MicroBilt was and is a customer of Chex.

24.     The form of sales agent agreement executed by CLV and Solutions was pre-approved for MicroBilt by Chex.

25.     MicroBilt is in the business of reselling Information to its end users and through its sales agents, to their end users.

26.      When MicroBilt wants to add an end user, either one of its own end users or an end user of one of its sales agents, MicroBilt provides Chex with the full business name of the end user and Chex issues a sub code.

27.     After the Merger, MicroBilt requested and obtained approximately 200 sub codes for end users of CLV and Solutions that existed at the time of the Merger.

28.     In mid-October, 2010, Chex began to refuse MicroBilt's requests for sub codes for end users of CLV and Solutions that existed on the date of the Merger.

29.     When Chex filed the Complaint in the within action, it attached to the Complaint proprietary and confidential information consisting of (a) the names of each of the end users of CLV and Solutions; (b) the amount of Information that CLV and Solutions purchased for each of its end users in a given period of time; (c) the pricing terms on which CLV and Solutions purchased the Information and (d) other confidential details regarding the end users of CLV and Solutions.

## COUNT I
### (Breach of Contract -- Third-Party Beneficiary)

30.     The foregoing allegations are incorporated by reference herein.

31.     CLV and Solutions are third-party beneficiaries of the contract between MicroBilt and Chex whereby MicroBilt is authorized to sell Information through its sales agents to end users.

32.     By refusing to provide sub codes to MicroBilt for 50 of the end users of CLV and Solutions that existed on the date of the Merger, Chex has caused damages to CLV and Solutions as third-party beneficiaries of the MicroBilt-Chex contract.

        WHEREFORE, Defendant/Counterclaimant CL VERIFY, LLC requests a judgment by this Court imposing damages against Plaintiff CHEX SYSTEMS, INC. and in favor of Defendant/Counterclaimant CL VERIFY, LLC including compensatory damages, attorneys' fees and costs ad such other relief as the Court deems equitable, appropriate and just.

## COUNT II
### (Tortious Interference With Business Relationships)

33.     The foregoing allegations are incorporated by reference herein.

34.     CLV and Solutions have a business relationship with each and every end user identified in the documents attached to the Complaint.

35.     Chex knows that CLV and Solutions have a business relationship with each and every end user identified in the documents attached to the Compliant.

36.     By publishing in the pleadings the CLV's and Solutions' list of end users, terms or pricing, frequency and volume of sales, and other proprietary and confidential information, Chex intentionally and unjustifiably interfered with the business relationship between CLV and Solutions and each of its end users.

37.     As a result of the intentional and unjustified acts by Chex, the relationship between CLV and Solutions and its end users has been damaged.

WHEREFORE, Defendant/Counterclaimant CL VERIFY, LLC requests a judgment by this Court imposing damages against Plaintiff CHEX SYSTEMS, INC. and in favor of Defendant/Counterclaimant CL VERIFY, LLC including compensatory damages, punitive damages, attorneys' fees and costs and such other relief as the Court deems equitable, appropriate and just.

### COUNT III
### (Violation of Uniform Trade Secrets Act)

38.     The foregoing allegations are incorporated by reference herein.

39.     The information contained in the documents attached to the Complaint is proprietary and confidential to CLV and Solutions and thus constitutes a trade secret (the "Trade Secret") under Florida's Uniform Trade Secret Act (the "USTA").

40.     CLV and Solutions have taken reasonable steps to preserve the secrecy of the Trade Secret under circumstances giving rise to a duty to maintain their secrecy and limited use.

41.     Chex misappropriated the Trade Secret under the statutory definition in that:

　　　　　a.     The disclosure of the Trade Secret as an attachment to the Complaint was without express or implied consent.

       b.     Chex acquired the Trade Secret under circumstances giving rise to a duty to maintain its secrecy and limit its use.

42.    As a result of Chex' misappropriation of the Trade Secret of CLV and Solutions, CLV and Solutions have been damaged and will continue to be damaged.

WHEREFORE, Defendant/Counterclaimant CL VERIFY, LLC requests a judgment by this Court imposing damages against Plaintiff CHEX SYSTEMS, INC. and in favor of Defendant/Counterclaimant CL VERIFY, LLC including Damages both the actual loss caused by the misappropriation and the unjust enrichment caused by the misappropriation that is not taken into account in computing actual loss, attorneys' fees and costs and such other relief as the Court deems equitable, appropriate and just.

## COUNT IV
### (Willful and Malicious Violation of Uniform Trade Secrets Act)

43.    The foregoing allegations are incorporated by reference herein.

44.    Chex' misappropriation of the Trade Secret of CLV and Solutions was willful and malicious.

WHEREFORE, Defendant/Counterclaimant CL VERIFY, LLC requests a judgment by this Court imposing damages against Plaintiff CHEX SYSTEMS, INC. and in favor of Defendant/Counterclaimant CL VERIFY, LLC including damages, both the actual loss caused by the misappropriation and the unjust enrichment caused by the misappropriation that is not taken into account in computing actual loss, exemplary damages equal to twice the amount of the damage award for actual loss and unjust enrichment, attorneys' fees and costs and such other relief as the Court deems equitable, appropriate and just.

## THIRD PARTY COMPLAINT

## COUNT I
### (Violation of Uniform Trade Secrets Act)

Defendant/Third-Party Plaintiff, CL Verify, LLC, by way of Third-Party Complaint against Third-Party Defendants DAVID M. WELLS and GUNSTER, YOAKLEY & STEWART, P.A., MARTIN ROMAIN and MARK O. WILHELM, II, says:

1.      The allegations set forth in the Counterclaim are incorporated by reference herein.

2.      Third-Party Defendant DAVID M. WELLS ("Wells") is an attorney admitted to practice law by the State of Florida.

3.      Third-Party Defendant MARTIN ROMAIN ("Romain") is an officer and employee of Chex.

4.      Third-Party Defendant MARK O. WILHELM, II ("Wilhelm") is a lawyer and an officer and employee of Chex who serves in the capacity of in-house legal counsel.

5.      CLV and Solutions have taken reasonable steps to preserve the secrecy of the Trade Secret under circumstances giving rise to a duty to maintain their secrecy and limited use.

6.      Wells,  Romain and Wilhelm misappropriated the Trade Secret under the statutory definition in that:

        a.      The disclosure of the Trade Secret as an attachment to the Complaint was without express or implied consent.

        b.      Wells, Romain and Wilhelm derived the Trade Secret from Chex, and Chex owed a duty to CLV and Solutions to maintain the secrecy of the Trade Secret and limit its use.

7.      As a result of the misappropriation of the Trade Secret of CLV and Solutions by Wells, Romain and Wilhelm, CLV and Solutions have been damaged and will continue to be damaged.

WHEREFORE, Defendant/Third-Party Plaintiff CL VERIFY, LLC requests a judgment by this Court imposing damages against Third-Party Defendants DAVID M. WELLS, MARTIN ROMAIN and MARK O. WILHELM, II  and in favor of Defendant/Third-Party Plaintiff CL VERIFY, LLC caused by the misappropriation and the unjust enrichment caused by the misappropriation that is not taken into account in computing actual loss,  exemplary damages equal to twice the amount of the damage award for actual loss and unjust enrichment, attorneys' fees and costs and such other relief as the Court deems equitable, appropriate and just.

## COUNT II
### (Willful and Malicious Violation of Uniform Trade Secrets Act)

8.      The foregoing allegations are incorporated by reference herein.

9.      The misappropriation of the Trade Secret of CLV and Solutions by Wells,  Romain and Wilhelm was willful and malicious.

WHEREFORE, Defendant/Third-Party Plaintiff CL VERIFY, LLC requests a judgment by this Court imposing damages against Third-Party Defendants DAVID M. WELLS, MARTIN ROMAIN and MARK O. WILHELM, II  and in favor of Defendant/Third-Party Plaintiff CL VERIFY, LLC caused by the misappropriation and the unjust enrichment caused by the misappropriation that is not taken into account in computing actual loss, attorneys' fees and costs and such other relief as the Court deems equitable, appropriate and just.

## COUNT III
### (Respondeat Superior)

10.      The foregoing allegations are incorporated by reference herein.

11.      Third-Party Defendant GUNSTER, YOAKLEY & STEWART, P.A. ("Gunster") is a Florida professional association in the business of the practice of law in Jacksonville, Florida.

12.      Gunster is the employer of Wells.

13.     Wells committed a violation of the USTA within the scope of his employment with Gunster and caused damages to CLV and Solutions.

14.     Gunster is liable to CLV and Solutions for the damages caused by its employee within the scope of his employment under the doctrine of respondeat superior.

WHEREFORE, Defendant/Third-Party Plaintiff CL VERIFY, LLC requests a judgment by this Court imposing damages against Third-Party Defendant GUNSTER, YOAKLEY & STEWART, P.A. and in favor of Defendant/Third-Party Plaintiff CL VERIFY, LLC including both the actual loss caused by the misappropriation and the unjust enrichment caused by the misappropriation that is not taken into account in computing actual loss, attorneys' fees and costs and such other relief as the Court deems equitable, appropriate and just.

## COUNT IV
### (Negligent Supervision)

15.     The foregoing allegations are incorporated by reference herein.

16.     Gunster is the employer of Wells.

17.     Wells committed a violation of the USTA outside of the scope of his employment with Gunster and caused damages to CLV and Solutions.

18.     Gunster either knew or should have known as the employer that Wells might engage in injurious conduct toward third persons.

19.     Gunster is liable to CLV and Solutions for the damages caused by its employee, Wells, within the scope of his employment under the doctrine of negligent supervision.

WHEREFORE, Defendant/Third-Party Plaintiff CL VERIFY, LLC requests a judgment by this Court imposing damages against Third-Party Defendant GUNSTER, YOAKLEY & STEWART, P.A. and in favor of Defendant/Third-Party Plaintiff CL VERIFY, LLC including both the actual loss caused by the misappropriation and the unjust enrichment caused by the

misappropriation that is not taken into account in computing actual loss, attorneys' fees and costs and such other relief as the Court deems equitable, appropriate and just.

Respectfully submitted,

/s/ Paul J. Maselli
Paul J. Maselli
Maselli Warren, P.C.
600 Alexander Road
Princeton, NJ 08540
pmaselli@maselliwarren.com
(609) 452-8411 ext 102
(609) 452-8422 Fax
Motion for admission *Pro Hac Vic* to be filed

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
Michelle Erin Nadeau
Florida Bar No. 0060396
Kwall, Showers & Barack, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff, Local Counsel

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 29th day of November 2010, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to:

David M. Wells
Katherine M. Herbenick
Gunster, Yoakley & Stewart, P.A.
One Enterprise Center
225 Water Street, Suite 1750
Jacksonville, FL 32202-5185
Telephone:  904-354-1980
Fax:  904-354-2170

/s/ Ryan D. Barack
Attorney