UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHEX SYSTEMS, INC.,**
A Minnesota Corporation,

    Plaintiff,

v.                                Case No. 8:10-cv-02465-VMC-MAP

**DP BUREAU, LLC,** a Florida limited liability
Company and **CL VERIFY, LLC,** a Florida
limited liability company,

    Defendants.
_____/

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE REDACTED EXHIBITS

Defendants DP Bureau, LLC and CL Verify, LLC (the "Defendants"), through undersigned counsel, hereby file this response to the Plaintiff, Chex Systems, Inc.'s ("Chex"), Motion to File Redacted Exhibits, and state as follows:

### Background

Chex initiated the present lawsuit by filing a Complaint on November 4, 2010. The Complaint alleges several counts of breach of contract by the Defendants. When Chex filed the Complaint in the within action, it attached to the Complaint proprietary and confidential information consisting of (a) the names of each of the end user customers ("End Users") of CL Verify, LLC ("CL Verify") and its subsidiary CL Verify Credit Solutions ("Solutions"); (b) the amount of data known as "Information" that CLV and Solutions purchased for each of its End Users in a given period of time; (c) the pricing terms on which CLV and Solutions purchased the Information and (d) other confidential details regarding the End Users of CLV and Solutions.

On November 29, 2010, the Defendants filed an Answer and Affirmative Defenses, Counterclaim, and Third Party Complaint. The Counterclaim against Chex alleges, among other things, that the Plaintiff published through its pleading confidential and proprietary information of the Defendants and thus constitutes a trade secret under Florida's Uniform Trade Secret Act (the "UTSA").

## Confidential Documents

On December 3, 2010, Chex filed the present Motion to File Redacted Exhibits. The motion disputes that the documents attached as exhibits to the Complaint contain proprietary information, however, Chex represents that it is willing to replace the already-published exhibits with proposed redacted exhibits.

The Defendants oppose Chex's motion on the ground that the relief requested by Chex is not broad enough. It is the Defendants' position that this Honorable Court should impose a greater prohibition on the pleadings and require that the exhibits to the Complaint be stricken or sealed. The Defendants intend to file a related motion seeking for a Court Order removing the exhibits to the Complaint.

The information contained in the documents attached to the Complaint is proprietary and confidential information of the Defendants and it is the Defendants' position that it constitutes a trade secret. The Defendants have taken reasonable steps to preserve the secrecy of that proprietary information. Chex acquired that information under circumstances giving rise to a duty to maintain its secrecy and limit its use, for which Chex was aware of. As is set forth in the Defendants' Answer, Counterclaim and Third Party Complaint, Chex misappropriated the Defendants' trade secrets by disclosing them as an attachment to the Complaint without express or implied consent.

To now permit Chex to determine what portions of documents, which the Defendants believe wholly constitute confidential and proprietary information, should be redacted would diminish the Defendants' allegations. As such, we request that the Court deny the Plaintiff's Motion or, in the alternative, stay ruling on the Motion until the Defendants have had the opportunity to file their own Motion on this issue.

**Communications pursuant to M.D. Fla. L. R. 3.01(g)**

Counsel for Chex contacted the Defendants' counsel by email on December 2, 2010, to obtain a response as to whether Chex could represent to the Court that its Motion would be unopposed. On the following morning, counsel for the Defendants notified counsel for Chex that he would confer with the Defendants and would respond to Chex thereafter. Chex then advised that if it did not receive a response on that day, Chex would file the Motion and represent to the Court that the Defendants were unresponsive to Chex's efforts to resolve the issues. Thereafter, counsel for the Defendants told Chex that the Defendants were in the process of drafting their own motion to address the same issues. Chex then advised that they would be filing the present motion and state therein that the Defendants were unresponsive.

Rule 3.01(g) requires that the moving party confer with opposing counsel in a good faith effort to resolve the issues raised by the motion. M.D. Fla. L. R. 3.01(g). Communications from Plaintiff's counsel, which demanded a 'yes' or 'no' response within approximately a 24 hour period, do not reflect compliance with the spirit of Rule 3.01(g). Chex's counsel did not seek to negotiate with respect to the issue of redaction or resolve the issue. Rather, Chex did nothing more than demand the Defendants to state whether they immediately consented that Chex could file the motion unopposed. We respectfully request that the Court consider the above

representations to contradict Chex's assertion that it made a good faith effort pursuant to Rule 3.01(g).

WHEREFORE, the Defendants respectfully request that this Court deny the Plaintiff's Motion, or in the alternative postpone its decision until it may also consider the forthcoming Motion of the Defendants.

| | |
|---|---|
| /s/ Paul Maselli | /s/ Ryan D. Barack |
| PAUL MASELLI | RYAN D. BARACK |
| MASELLI WARREN, P.C. | Florida Bar No. 0148430 |
| 600 Alexander Road | KWALL, SHOWERS & BARACK, P.A. |
| Princeton, NJ 08540 | 133 North Fort Harrison Ave. |
| (609) 452-8411 (phone) | Clearwater, Florida 33755 |
| (609) 452-8422 (fax) | (727) 441- 4947 (phone) |
| pmaselli@maselliwarren.com | (727) 441- 3158 (fax) |
| Trial Counsel | rbarack@ksblaw.com |
| | Local Counsel |

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that on the 17th day of December 2010, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to:

David M. Wells
Katherine M. Herbenick
Gunster, Yoakley & Stewart, P.A.
One Enterprise Center
225 Water Street, Suite 1750
Jacksonville, FL 32202-5185
Telephone: 904-354-1980
Fax: 904-354-2170

Thomas Edward Bishop
Tanner Bishop
One Independent Dr , Suite 1700
Jacksonville, FL 32202
904-598-0034
Fax: 904/598-0395

/s/ Ryan D. Barack
Attorney